EXHIBIT B

STATE COURT DOCKET SHEET, ALL EXECUTED PROCESS IN THE CASE, ALL PLEADINGS ASSERTING CAUSES
OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS

# REGISTER OF ACTIONS
## CASE NO. 2017DCV-3328-F

| Fat Cat Boatworks, L.L.C.,John Hearn, Jr. vs. Davinci Engineering & Consulting, LLC | § § § § § § | Case Type: | **Civil Case - Other** |
|---|---|---|---|
| | | Date Filed: | **07/19/2017** |
| | | Location: | **214th District Court** |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| **Defendant** | **Davinci Engineering & Consulting, LLC** | |
| | | |
| **Plaintiff** | **Fat Cat Boatworks, L.L.C.** | **Gary D. Waldrop** |
| | | *Retained* |
| | | 361-882-4488(W) |
| | | |
| **Plaintiff** | **Hearn, John, Jr.** | **Gary D. Waldrop** |
| | | *Retained* |
| | | 361-882-4488(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 07/19/2017 | **Original Petition (OCA)** | | |
| 07/19/2017 | **Original Petition Documents E-filed** | | |
| | *Original Petition for Declaratory Judgment* | | |
| 07/19/2017 | **Civil Case Information Sheet** | | |
| 07/19/2017 | **Service Request Information Sheet** | | |
| | *Service Requested* | | |
| 08/02/2017 | **Citation - Secretary of State** | | |
| | Davinci Engineering & Consulting, LLC | Served | 08/02/2017 |
| | | Response Due | 08/30/2017 |
| | | Returned | 08/03/2017 |
| 08/03/2017 | **Proof of Service** | | |
| | *Citation - Davinci Engineering & Consulting, LLC* | | |
| 08/31/2017 | **Notice** | | |
| | *Special Appearance By Defendant Davinci Engineering & Consulting, Llc* | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Fat Cat Boatworks, L.L.C. | | |
| | Total Financial Assessment | | 273.00 |
| | Total Payments and Credits | | 273.00 |
| | **Balance Due as of 09/01/2017** | | **0.00** |
| | | | |
| 07/19/2017 | Transaction Assessment | | 273.00 |
| 07/19/2017 | E-file Payment | Receipt # 2017-12502-DCCLK | Fat Cat Boatworks, L.L.C. | (273.00) |

Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079



7190 1046 4701 0078 8816

**Return Receipt (Electronic)**

2017282080-1

Davinci Engineering & Consulting, LLC
3021 N. Main St.
Oshkosh, WI 54901

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CUT / FOLD HERE

Filed
7/19/2017 12:05 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

## CIVIL CASE INFORMATION SHEET
### 2017DCV-3328-F

CAUSE NUMBER (FOR CLERK USE ONLY): _____   COURT (FOR CLERK USE ONLY): _____

STYLED _____

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Name: Gary D. Waldrop | Email: gwaldrop2@yahoo.com | Names of parties in case: | Person or entity completing sheet is: |
| Address: 310 Sunset Dr. | Telephone: 361-882-4488 | Plaintiff(s)/Petitioner(s): Fat Cat Boatworks LLC and John Hearn Jr. | ☑ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| City/State/Zip: Burnet, TX 78611 | Fax: 361-271-1401 | Defendant(s)/Respondent(s): Davinci Engineering + Consulting, LLC | Additional Parties in Child Support Case: Custodial Parent: |
| Signature: Gary D. Waldrop | State Bar No: 24010744 | | Non-Custodial Parent: |
| | | [Attach additional page as necessary to list all parties] | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil**

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:

- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:

- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

**Family Law**

*Marriage Relationship*
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Probate & Mental Health**
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

### 3. Indicate procedure or remedy, if applicable (may select more than 1):
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☑ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

### 4. Indicate damages sought (do not select if it is a family law case):
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☑ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

Rev 2/13

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

August 7, 2017

Davinci Engineering & Consulting, LLC
3021 N. Main St.
Oshkosh, WI 54901

| 2017-282080-1 |
|---|
| Include reference number in all correspondence |

RE: Fat Cat Boatworks, L.L.C. and John Hearn, Jr. VS Davinci Engineering & Consulting, LLC
214th Judicial District Court Of Nueces County, Texas
Cause No: 2017DCV3328F

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on August 2, 2017.

CERTIFIED MAIL #71901046470100788816

Refer correspondence to:

Gary D. Waldrop
Attorney at Law
310 Sunset Drive
Burnet, TX 78611

Sincerely,

Venita Okpegbue
Team Leader, Service of Process
GF/mr
Enclosure

**Citation for Personal Service – Secretary of State**

*COPY*

Case Number: **2017DCV-3328-F**

THE STATE OF TEXAS

NOTICE TO DEFENDANT:   You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:  **Davinci Engineering & Consulting, LLC**
**3021 N. Main St.**
**Oshkosh, Wisconsin 54901**

the Defendant, by serving in **DUPLICATE** copies to the OFFICE OF THE SECRETARY OF STATE, CITATIONS UNIT,  P. O. BOX 12079, AUSTIN, TEXAS  78711-2079.

GREETING:   You are commanded to appear by filing a written answer to the Original Petition for Declaratory Judgment and Civil Case Information Sheet at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable **Inna Rogoff-Klein**, **214th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas.  Said **Petition** was filed on the **19th day of July, 2017**.  A copy of same accompanies this citation.

The file number of said suit being Number:  **2017DCV-3328-F**

The style of the case is:  **Fat Cat Boatworks, L.L.C. and John Hearn, Jr.  vs.  Davinci Engineering & Consulting, LLC**

Said petition was filed in said court by **Gary D. Waldrop**, attorney for Plaintiff, whose address is 310 Sunset Drive  Burnet Tx  78611.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 2nd day of August, 2017.

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _____, Deputy
Nicole Hinojosa

17 AUG -2 PH 3: 23

RECEIVED

282080

**2017DCV-3328-F**

<u>**RETURN OF SERVICE**</u>

**FAT CAT BOATWORKS, L.L.C. and**
**JOHN HEARN, JR.**
**VS.**
**DAVINCI ENGINEERING &**
**CONSULTING, LLC**

**214TH DISTRICT COURT**

_____

Name

**ADDRESS FOR SERVICE**
**Davinci Engineering & Consulting, LLC**
3021 N. Main St.
Oshkosh, Wisconsin 54901

<u>**OFFICER'S OR AUTHORIZED PERSON'S RETURN**</u>

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ___. m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____ _____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|-----------|------------------------------------------|
|      |           |                                          |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Fees:                                    _____, Officer
Serving Petition and Copy   $_____   _____, County, Texas
Total                       $_____   By _____, Deputy

<u>**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**</u>

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my
          (First, Middle, Last)
address is _____
          (Street, City, State, Zip, Country)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day
of _____, 20_____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

Filed
7/19/2017 12:05 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

NO. ___2017DCV-3328-F___

| | | |
|---|---|---|
| FAT CAT BOATWORKS, L.L.C. and | § | IN THE DISTRICT COURT |
| John Hearn, Jr. | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | _____ JUDICIAL DISTRICT |
| | § | |
| DAVINCI ENGINEERING & | § | |
| CONSULTING, LLC | § | |
| Defendant. | § | OF NUECES COUNTY, TEXAS |

## ORIGINAL PETITION
## FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Fat Cat Boatworks, L.L.C., and John Hearn, Jr. Plaintiffs herein, filing this Petition for Declaratory Judgment, pursuant to the Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code, and would show the Court the following:

## I. DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend that discovery be conducted under Discovery Level 2.

## II. PARTIES AND SERVICE

A.    Plaintiffs, Fat Cat Boatworks, L.L.C. and John Hearn,  Jr. bring this action individually. Plaintiffs resides in Nueces County, Texas.

B.    Fat Cat Boatworks, L.L.C. is a Texas Limited Liability Company and has not been issued a driver's license. Fat Cat Boatworks, L.L.C. has not been issued a social security number. Fat Cat  Boatworks, LLC's address is 600 Leopard St., Suite 2100, Corpus Christi,

1

Nueces County, Texas 78401.

C.     The last three digits of John Hearn, Jr's., driver's license are 833 and the last three digits of his social security number are 449.  John Hearn, Jr. resides at 4833 Saratoga #449, Corpus Christi, Nueces County, Texas, 78413.

D.     Defendant Davinci Engineering & Consulting, LLC, ("Davinci") a Nonresident Limited Liability Company, engages or has engaged in business in this state, but does not maintain a regular place of business or a designated agent for service of process.  This lawsuit arises out of the business done in this state and to which said Defendant is a party.  Therefore, under Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, and forwarded to Defendant's home or home office at 3021 N. Main St., Oshkosh, Wisconsin 54901.  Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### III. JURISDICTION AND VENUE

A.     The subject matter in controversy is within the jurisdictional limits of this court.

B.     Plaintiff seeks:

   1.     monetary relief of $100,000 or less and non-monetary relief.

C.     This court has jurisdiction over Defendant Davinci Engineering & Consulting, LLC, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Davinci Engineering & Consulting, LLC will not offend traditional notions of fair play and substantial justice and is consistent with the

2

constitutional requirements of due process.  Furthermore, Plaintiffs would show that Defendant Davinci Engineering & Consulting, LLC engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted by mail or otherwise with a Texas  resident and contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

      D.     Defendant, Davinci Engineering & Consulting, LLC contracted with Rick George Racing of  Corpus  Christi, Texas to provide engineering work  for an engine block and  a counter-rotating gearcase project design for an outboard motor.

      E.     Venue in Nueces County is proper in this cause.

## IV. FACTS

      A.  Rick George Racing contracted with Defendant, Davinci Engineering &  Cousulting, LLC.

      B.     There is no privity of contract between  Defendant, Davinci  Engineering  & Cousulting,  LLC and Fat Cat Boatworks, LLC and/or John Hearn, Jr..

      C.     Rick George of Rick George Racing and Gordon Montague had complete control over both the engine block  design  and the counter-rotating gearcase project.

      D.     There is no no  privity  of  contract between  Rick George  Racing and/or Gordon Montague and Fat Cat Boatworks, LLC and/or  John Hearn, Jr.  Rick George and/or  Gordon Montague never informed John  Hearn, Jr. member/manager of Fat Cat Boatworks, LLC and/or John Hearn Jr., individually or  any other  member/manager of Fat Cat Boatworks, LLC that Davinci Engineering & Consulting, LLC was being retained to  design an engine block and

3

counter-rotating gearcase.

E.     There is no meeting of the minds between Fat Cat Boatworks, LLC, and/or John Hearn, Jr. or Davinci Engineering & Consulting, LLC or Rick George Racing or Gordon Montague. No member/manager of Fat Cat Boatworks, LLC and/or John Hearn, Jr., ever approved any contracts with Davinci Engineering & Consulting, LLC or Rick George Racing or Gordon Montagu.

F.     There is no business relationship (partnership, etc.) between Fat Cat Boatworks, LLC, and/or John Hearn, Jr., and Rick George Racing. There is no business relationship between Fat Cat Boatworks, LLC, and/or John Hearn, Jr., and Gordon Montague.

G.     Rick George of Rick George Racing passed away in October of 2016. At the time of his death, Rick George Racing had an unpaid balance on his account with Davinci Engineering & Consulting, LLC, of $32,111.18.

H.     Davinci Engineering & Consulting, LLC is attempting to collect the $32,111.18 from Fat Cat Boatworks, LLC and/or John Hearn, Jr.

I.     Davinci Engineering & Consulting, LLC, may be in possession of outboard motor parts that were illegally taken from Fat Cat Boatworks, LLC by Rick George.

## V. RELIEF REQUESTED

There exists a genuine controversy between the parties herein that would be terminated by the granting of declaratory judgment. Plaintiffs therefore requests that declaratory judgment be entered as follows:

A.     That there is no contract between Fat Cat Boatworks, LLC, and Davinci Engineering & Consulting, LLC.

4

B.     That there is not contract between John Hearn Jr., and Davinci Engineering & Consulting, LLC.

C.     That there is no business relationship (partnership etc.) between Rick George Racing, Gordon Montague and Fat Cat Boatworks, LLC and/or John Hearn Jr.

D.     That Fat Cat Boatworks, LLC does not owe Davinci Engineering & Consulting, LLC $32,111.18.

E.     That John Hearn Jr., does not owe Davinci Engineering & Consulting, LLC $32,111.18.

F.     Any boat parts in the possession of Davinci Engineering & Consulting, LLC that came from Rick George or Rick George Racing were illegally obtained from Fat Cat Boatworks, LLC and are the property of Fat Cat Boatworks, LLC.

## VI. ATTORNEY'S FEES

Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, request is made for all costs and reasonable and necessary attorney's fees incurred by Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

## VII. CONDITIONS PRECEDENT

All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

5

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial hereof declaratory judgment be granted as requested herein and Plaintiff be awarded costs and reasonable and necessary attorney's fees, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

By: _____
Gary D. Waldrop
Texas Bar No. 24010746
Email: gwaldrop2@yahoo.com
310 Sunset Drive
Burnet, Texas 78611
Tel. (361) 882-4488
Fax. (361) 271-1401
Attorney for Plaintiff
Fat Cat Boatworks, L.L.C.

6

Filed
8/31/2017 1:30 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2017-DCV-3328F

| | | |
|---|---|---|
| **FAT CAT BOATWORKS, LLC AND** | § | **IN THE DISTRICT COURT OF** |
| **JOHN HEARN, JR.** | § | |
| | § | |
| **VS.** | § | **NUECES COUNTY, TEXAS** |
| | § | |
| **DAVINCI ENGINEERING AND** | § | |
| **CONSULTING, LLC** | § | **214TH JUDICIAL DISTRICT** |

## SPECIAL APPEARANCE BY DEFENDANT
## DAVINCI ENGINEERING & CONSULTING, LLC

TO THE HONORABLE INNA KLEIN:

COMES NOW, Defendant Davinci Engineering & Consulting, LLC ("Davinci") and files this Special Appearance pursuant to Rule 120(a) of the Texas Rules of Civil Procedure and would respectfully show the Court the following:

### BACKGROUND

1.  Plaintiff filed this lawsuit seeking an advisory opinion (masked as a lawsuit seeking declaratory relief) as to the following:

   a.  the existence of a contract between Plaintiffs and Defendants;

   b.  the existence of a "business relationship" between Plaintiffs and entities which are not parties to this lawsuit;

   c.  whether Plaintiff Hearn owes any money to Davinci; and,

   d.  the return of boat parts allegedly in Davinci's possession that may or may not belong to  Plaintiff Fat Cat Boatworks, LLC.

2.  This Special Appearance is filed prior to any Motion to Transfer Venue or any other plea, pleading or motion filed by Davinci.

3.  Davinci attaches to this Special Appearance as Exhibit "A" the affidavit of Tim Bartley to establish facts not apparent from the record and incorporates them by reference.

1

## ARGUMENT & AUTHORITY

4.      Davinci objects to the jurisdiction of the Court on the ground that it is not amenable to personal jurisdiction in Texas and process issued by the courts of Texas.  Davinci is an engineering firm that specializes in product design.  It is not and has never been a resident of the State of Texas.  It is not domiciled in the State of Texas, conducts no business in Texas and has no purposeful contacts with Texas.  Davinci is domiciled in the State of Wisconsin and its principal place of business is Oshkosh, Wisconsin.

**Davinci Does Not Have Minimum Contacts With Texas**

5.      Texas Courts do not have jurisdiction over a non-resident defendant unless the non-resident defendant purposefully established "minimum contacts" with Texas and the Court's exercise of jurisdiction over the defendant comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-476 (1985); *Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 575 (Tex. 2007); *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex.2002).  A court may assert personal jurisdiction over a non-resident defendant only if the requirements invoked by the Due Process Clause of the 14th Amendment of the United States Constitution and the Texas Long-Arm statute are satisfied. *Helicopterous Nacionales de Columbia v. Hall,* 466 U.S. 408, 413-14 (1984); Tex. Civ. Prac. & Rem. Code. § 17.042.

6.      Texas courts must determine whether a non-resident defendant has purposefully established minimum contacts with Texas. *Moki Mac,* 221 S.W.3d at 575-576; *CSR Ltd. V. Link,* 925 S.W.2d 591, 594, 596 (Tex. 1996); *Guardian Royal*

2

*Exchange Assurance, Ltd, V. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex. 1991). To prove it had no minimum contacts with Texas, Davinci must show that (1) it did not purposefully avail itself of the privilege of conducting activities within Texas, and (2) any contacts it may have had with Texas do not give rise to specific or general jurisdiction. *See Moki Mac,* 221 S.W.3d at 575-576; *Commonwealth Gen. Corp. v. York,* 177 S.W.3d 923, 925 (Tex. 2005); *BMC Software,* 83 S.W.3d at 795-796.

7.     To establish purposeful availment, a defendant's acts must be purposeful rather than random, isolated, or fortuitous, and the defendant must have sought some benefit, advantage, or profit in availing itself of Texas jurisdiction. *TV Azteca S.A.B. de C.V. v. Ruiz,* 494 S.W.3d 109, 113 (Tex. App.- Corpus Christi 2015); *Retamco Operating, Inc. v. Republic Drilling Co.,* 278 S.W.3d 333, 338-39 (Tex. 2009); *Moki Mac,* 221 S.W.3d at 575; *Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 785 (Tex. 2005).

8.     Texas courts cannot exercise specific jurisdiction over a non-resident defendant unless the plaintiff's litigation results from injuries that are alleged to arise from or relate to the defendant's contacts with Texas. *Kelly v. Gen. Interior Constr., Inc.* 301 S.W.3d 653, 659 (Tex. 2010); *Moki Mac,* 221 S.W.3d at 575-76; *Schlobohm v. Schapiro,* 784 S.W.2d 355, 358 (Tex. 1990); *see Helicopteros Nationales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 & n. 8 (1984); The defendant's acts must have substantial connection with the operative facts of the litigation. *TVAzteca,* 490 S.W.3d at 113; *Spir Star AG v. Kimich,* 310 S.W.3d 868, 874 (Tex. 2010); *Retamco Operating,* 278S.W.3d at 340; *Moki Mac,*    221 S.W.3d at 585.

3

9.     Texas courts cannot exercise general jurisdiction over a nonresident defendant unless the defendant has affiliations with Texas that are so continuous and systematic as to render the defendant essentially "at home" in Texas. *See Daimler AG v. Bauman,* 134 S. Ct. 746, 751 (2014); *P.HC-Minden, LP v. Kimberly-Clark Corp.,* 235 S.W.3d 163, 169 (Tex. 2007); *Booth v. Kontomitras,* 485 S.W.3d 461, 479-80 (Tex. App. — Beaumont 2016, no pet.).

10.    The U.S. Supreme Court has written twice this year on the issue of general jurisdiction, and has affirmed what it wrote in *Daimler. See Bristol-Myers Squibb Co. v Superior Court of Cal., San Francisco Cty.* 528 U.S. (2017-decided June 19, 2017) and *BNSF Railway Co. v. Terrell,* 581 U.S. —(2017-decided May 30, 2017). In both cases the defendant did a substantial amount of business within the state (BNSF had over 2,000 miles of track, more than 2,000 workers and a repair center in the forum state of Montana; Bristol Myers employed over 400 people in the forum state of California and had sales of Plavix in California of almost $1 billion during the relevant time period) Because no special jurisdiction existed in those two cases, they were decided based upon general jurisdiction principles. Although the plaintiffs in those cases were not state residents and claimed no injury within the forums, the issue remains that the defendant must be "at home" in the forum state in order for general jurisdiction to apply. This Court does not have general jurisdiction over Davinci because it is not domiciled in Texas. Further, as stated Davinci has not made itself "at home" in Texas.

11.    Davinci did not purposefully avail itself of the privilege of conducting activities within Texas.  Therefore,  Texas Courts do not have general or specific jurisdiction of Davinci because it has not had continuous or systematic contacts with Texas for the following reasons:

a)    Davinci is a nonresident of Texas;

b)    Davinci is not located in Texas;

c)    Davinci has never engaged in any business in Texas;

d)    Davinci never maintained a place of business in Texas, and has never had any employees or agents domiciled or living in Texas;

e)    Davinci has never maintained a physical address, post office box, telephone number or bank account in Texas;

f)    Davinci has never intentionally availed itself of the benefits and privileges of conducting activities in Texas;

g)    Davinci has never paid and has never been required to pay, any taxes to the State of Texas;

h)    Davinci has never owned any real property and has never leased or rented any real property or other asset within the State of Texas;

i)    Davinci did not contract by mail or otherwise with a Texas resident for performance of that contract by either party in whole or in part in the State of Texas;

j)    Davinci has never filed a lawsuit in Texas;

k)    Davinci has never answered a lawsuit in Texas;

l)    Davinci did not individually recruit Texas residents, directly or indirectly through an intermediary located in Texas for employment inside or outside Texas; and,

m)    Davinci has never been engaged in any activities that may constitute doing business in Texas.

5

*See* Affidavit of Tim Bartley attached as Exhibit  "A."

12.     Davinci lacks the requisite minimum contacts with Texas to be subject to the personal jurisdiction of the Courts of the State of Texas.

## NO FAIRPLAY & SUBSTANTIAL JUSTICE

13.     Exercise of personal jurisdiction over a nonresident defendant will further fail to satisfy due process requirements if assertion of jurisdiction offends traditional notions of fair play and substantial justice.     *Command-Aire Corp. v. Ontario Mechanical Sales and Serv. Inc.,* 963 F.2d 90 (5th Cir. 1992).

14.     Davinci is a nonresident entity that conducts business in the State of Wisconsin.  *See* Exhibit "A."  To defend this case, Davinci's employees would have to continuously come to Texas and send personnel who have knowledge of the incident from Wisconsin to Texas, which would result in a significant hardship on Davinci that would offend traditional notions of fair play and substantial justice.

15.     The interest of the form state in adjudicating this dispute further is not compelling.  Davinci is a nonresident and is domiciled in Wisconsin.  The Wisconsin Courts have a greater interest than the court of Texas.

## ORIGINAL ANSWER FILED SUBJECT TO SPECIAL APPEARANCE

16.     Subject to, and without waiving the foregoing Special Appearance, Defendant Davinci Engineering and Consulting, LLC asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that the Plaintiffs be required to prove the allegations made against it by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

## PRAYER

Subject to and without waiving its Special Appearance, Davinci Engineering & Consulting L.L.C. prays that Plaintiffs take nothing, that it be awarded costs of Court as well as all such other further relief, both special and general, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

**GERMER, PLLC**

By:_____

**DAVID L. MERKLEY**
State Bar No. 00798373
dmerkley@germer.com
**DARAH ECKERT**
State Bar No. 24007141
mwaters@germer.com
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 Telephone
(713) 739-7420 Facsimile

**ATTORNEYS FOR DEFENDANT, DAVINCI ENGINEERING & CONSULTING, L.L.C**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent to all counsel of record on August 31, 2017.

_____
**DARAH ECKERT**

7

CAUSE NO. 2017DCV-3328-F

| | | |
|---|---|---|
| FAT CAT BOATWORKS, L.L.C. and<br>John Hearn Jr.<br>     Plaintiffs, | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | NUECES COUNTY, TEXAS |
| DAVINCI ENGINEERING &<br>CONSULTING, LLC<br>     Defendant | §<br>§<br>§<br>§ | 214TH JUDICIAL DISTRICT |

## AFFIDAVIT OF TIM BARTLEY

Before me, the undersigned notary, on this day personally appeared Tim Bartley, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

1.     My name is Tim Bartley. I am over 18 years of age; of sound mind, and capable of making this affidavit. The facts stated herein are within my personal knowledge and are true and correct.

2.     I am both a member and a Manager of Davinci Engineering & Consulting, L.L.C.("Davinci").    Davinci is a nonresident of Texas. The company is located in Oshkosh, Wisconsin.  Plaintiffs assert this Court has personal jurisdiction over Davinci.

3.     Plaintiffs also allege that Davinci has had "sufficient contacts" with Texas so as to render it subject to the jurisdiction of this Court. Plaintiffs assert not one single fact to support this allegation, which is untrue.

4.     Davinci Engineering has never maintained a place of business in Texas, has never had any employees or agents domiciled or living in Texas, has never maintained a physical address, post office box, telephone

**EXHIBIT A**

number, or bank account in Texas. Davinci has never intentionally availed itself of the benefits and privileges of conducting activities in Texas.

5.      Davinci has never paid and has never been required to pay, any taxes to the State of Texas.

6.      Davinci has never owned any real property and has never leased or rented any real property or other assets within the State of Texas.

7.      Davinci has not contracted by mail or otherwise with a Texas resident for performance of that contract by either party in whole or in part in the State of Texas.

8.      Davinci has never filed a lawsuit in Texas.

9.      Davinci has never answered a lawsuit in Texas.

10.     Davinci has never recruited Texas residents, directly or indirectly through an intermediary located in Texas for engineering consulting work inside or outside Texas.

11.     Davinici has never been engaged in any activities that may constitute doing business in Texas.

12.     To defend this lawsuit Davinci will have to continuously come to Texas from Wisconsin at great expense in both time and money, resulting in significant hardship.

Tim Bartley, Manager

SUBSCRIBED AND SWORN BEFORE ME on the 25th day of August 2017.

Notary Public in and for
The State of *WISCONSIN*
My commission expires  *12/07/2018*